(No. 26989.—

SCHATZ, POLLACK WOOLEN CO., INC., Appellee, *vs.* FRANCIS B. MURPHY, Director of Labor, Appellant.

*Opinion filed Sept. 24, 1943—Rehearing denied Nov. 11, 1943.*

GEORGE F. BARRETT, Attorney General, (WILLIAM C. WINES, of counsel,) for appellant.

JEROME B. ROSENTHAL, (WILLIAM ROSENTHAL, of counsel,) for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

In a hearing under section 25 of the Unemployment Compensation Act (Ill. Rev. Stat. 1941, chap. 48, par. 242,) the deputy of the Director of Labor found that Schatz,

Pollack Woolen Company, Inc., appellee, was an employing unit within the meaning of section 2(d); that in 1940 it had six individuals in its employment and had failed to make the payments as provided in the act. The deputy recommended that appellee be assessed $333.60 for that year. The recommendation was confirmed by the Director of Labor. In a *certiorari* proceeding before the circuit court of Cook county, the findings of the Director were reversed and the record quashed. The Director has appealed directly to this court as provided in section 25(a)(2).

The principal question is whether appellee's employment of help was within the minimum requirement of section 2(e)(1)(B) as to having the minimum of six employees in the year 1940. It concedes that during said year it had five employees, but contends that the employment of Sylvester Sergey, who was included as an employee by the Director, was not within the purview of the act.

The evidence shows appellee was engaged in the business of selling woolen goods as a jobber to the tailoring trade. Its place of business was in Chicago where it maintained an office and sample room. Sergey was a window washer and had been so engaged for several years. He was first employed by appellee to wash its windows in 1936 and continued at that work from that time to and including the year 1940. Such employment was part time and occupied only a small part of one day each week for which he was paid 75 cents. He performed the weekly task without prior notice to appellee or request from it. He selected the day of the week to meet his own convenience but followed appellee's suggestion that it would be better to wash the windows in the morning. If illness or other cause prevented him from doing his work, he engaged another and appellee paid such substitute. Sergey had his own printed business billheads and each time when the work was completed he entered the amount due on one of such

billheads, procured its approval and it was then paid from appellee's petty-cash account. He testified he was subject to discharge at any time without previous notice and that he could quit under the same conditions. He owned his own equipment, such as belts, poles and squeegees, and furnished all the necessary cleansing material. He had three or four other customers for whom he did the same kind of work and in addition obtained a different kind of work from others. He received his Federal social security number sometime prior to 1940 while working for another employer.

Appellee contends that independent contractors are not included in the act and that Sergey was employed as an independent contractor. The conclusion has been reached that appellee is exempt from the act for the reason that Sergey's employment comes within the conditions contained in subparagraphs (f) (5) (A) (B) and (C) of section 2; therefore, whether a relationship of independent contractor exists will not be considered. These subparagraphs were considered in *Miller, Inc.* v. *Murphy,* 379 Ill. 524, and *Peasley* v. *Murphy,* 381 Ill. 187, and it was there held that, the conditions of the three subparagraphs being stated in the conjunctive, proof of the existence of all three should be made before any exemption should be allowed.

By subparagraph (f) (5) (A) of section 2, the element of control which an employer exercises in fact, or under the contract, over the services to be performed by the individual is injected as a factor in determining whether such services are employment within the meaning of the act. It is difficult to conceive of an employment where the employer does not exercise some control or direction over the performance of the services. It may be confined to a matter of directing the location where the work is to be performed, the quality or kind of material to be used or many other such matters that enter into prac-

tically every labor employment. But the application of this subparagraph does not rest upon such a restricted interpretation, for, if it was to be so construed, it would be rendered useless; for there is scarcely an employment in which the employer would not exercise some phase of control or direction. The control or direction that may be exercised by an employer over the services to be rendered is more a matter of degree and the character of such control rather than of an entire absence of it. In this case appellee showed Sergey the windows to be washed and suggested that it would be better to wash them at a certain time of the day. They impliedly had the right to tell him that the windows were not clean and to direct that they be rewashed, but such control or direction is not the character of control that the employment must be free from to meet the condition of the statute. The services rendered by Sergey under his employment with appellee were free from control or direction of appellee.

Subparagraph (f)(5)(B) of section 2, injects as a condition the elements as to whether the services to be performed by the individual are within the usual course of business of the employer or whether they are to be performed outside of all the places of business of the employer. The washing of windows was not within the usual course of appellee's business in selling woolens to the tailoring trade. His services may have rendered the place of business more pleasant but they did not enter into any of the many activities necessary to the purchase of woolens and the resale of them to tailors.

Subparagraph (f)(5)(C) of section 2 refers to the individual's trade, occupation, profession or business. If he is engaged in a trade or occupation that is distinctly different from the one in which the employer is engaged, then that part of the condition has been met. Sergey's occupation as window washer, being different from the business in which appellee was engaged, condition (C) is

found to be proved. The questions of fact involved in the propositions submitted under subparagraphs (A) (B) and (C) have all been established. The service rendered by Sergey for appellee was not employment within the meaning of the act.

Appellee contends that the act is unconstitutional, but in view of the holding that it is not subject to the act, it will not be necessary to consider such constitutional questions.

The judgment of the circuit court was correct and is affirmed.

*Judgment affirmed.*