RICHARDSON BROTHERS, Appellee, v. THE BOARD OF REVIEW OF THE DEPARTMENT OF EMPLOYMENT SECURITY *et al.,* Appellants.

Fifth District   No. 5—89—0346

Opinion filed May 21, 1990.

424

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and William H. London, Assistant Attorney General, of Chicago, of counsel), for appellants.

McMahon, Berger, Hanna, Linihan, Cody & McCarthy, of St. Louis, Missouri (Thomas O. McCarthy and Kevin J. Lorenz, of counsel), for appellee.

JUSTICE WELCH delivered the opinion of the court:

Appellants, Board of Review of the Department of Employment Security, Department of Employment Security, John D. Matheny, Nancy Haslett, Roger N. Hodson, Luella H. Steben and Donald E. Haslett, appeal from a judgment of the circuit court of Fayette County, entered April 26, 1989, which reversed the decision of the Board of Review of the Department of Employment Security affirming the decisions of the Department of Employment Security that the individual appellants were "employees" of appellee, Richardson Brothers, within the meaning of the Unemployment Insurance Act (Ill. Rev. Stat. 1987, ch. 48, par. 300 *et seq.*). Appellee contends that the individual appellants are "independent contractors" within the meaning of that act and therefore are not eligible to receive unemployment compensation.

The Unemployment Insurance Act (hereinafter Act) was enacted to provide some measure of economic security to those who become involuntarily unemployed. (Ill. Rev. Stat. 1987, ch. 48, par. 300.) Accordingly, it provides weekly monetary benefits to individuals who, through no fault of their own, become involuntarily unemployed. In order to receive these benefits, an individual must be found to be an "employee" within the meaning of the Act, for independent contractors are specifically excluded from coverage under section 212 of the Act. Ill. Rev. Stat. 1987, ch. 48, par. 322.

Services performed by an individual will be deemed to be those of an employee rather than an independent contractor unless all three of the following criteria are met:

"A. Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and

B. Such service is either outside the usual course of the business for which such service is performed or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and

C. Such individual is engaged in an independently established trade, occupation, profession, or business." (Ill. Rev. Stat. 1987, ch. 48, par. 322.)

It is important to note that these criteria are conjunctive, and an individual will be found to be an employee unless all three of the criteria are met. (*Legal Process Service, Inc. v. Ward* (1988), 165 Ill. App. 3d 83, 87, 518 N.E.2d 768, 770.) The burden of proving the exemption from the Act for independent contractors is on the employer, and it is a strict burden of proof. (*Bennett v. Department of Employment Security* (1988), 175 Ill. App. 3d 793, 796, 530 N.E.2d 541, 543.) The inquiry should be directed at determining the actual rather than the alleged relationship of the employing unit and the person whose services are in question. In this regard, designations and terminology used by the parties are not controlling. *Griffitts Construction Co. v. Department of Labor* (1979), 76 Ill. 2d 99, 104, 390 N.E.2d 333, 335.

Appellee, Richardson Brothers, is engaged in the business of growing bedding and garden plants at its facility in St. Elmo, Illinois, and distributing them to retail establishments. The business is seasonal, with the peak period occurring during the months of April, May and June. During those months, appellee hires individuals (appellants) to sell and/or deliver the plants to retail establishments. Appellee and these individuals enter into a written contract entitled "Independent Contractor's Agreement." Each of the appellants herein entered into such a contract with appellee.

The contract recites that appellee is engaged in the business of growing and distributing bedding plants and shrubbery, and that appellee and the contractor desire to enter into an arrangement whereby the contractor will deliver these plants and shrubs to purchasers. The contract further provides, in pertinent part, as follows:

"01.02 Contractor shall assume all responsibility for contacting such persons as Employer directs and such other persons as Contractor desires relative to the sale and distribution of Materials supplied by Employer.

02.00 *Geographical Area of Service*

02.01 Contractor shall limit the scope of activity with respect to the services described herein to such geographical area and/or route as Employer shall direct; provided, however, that Contractor shall service all retail and wholesale outlets within his geographical area or on his assigned route as Employer shall direct.

02.02 Contractor shall have no possessory interest as to the geographical area or route in connection with distribution of Materials suppled by Employer. Employer reserves the right to alter, amend, expend, [*sic*] reduce or otherwise change the geographical area and/or route assigned to Contractor.

\* \* \*

05.00 *Independent Contractor's Status*

The parties to this contract intend that the relation between them created by this contract is that of Employer-Independent Contractor. No agent, employee or servant of Contractor shall be or shall be deemed to be the employee, agent or servant of Employer. \*\*\*

06.00 *Limitation on Delegation of Personal Services by Contractor*

06.01 The work and services provided for herein shall be performed by Contractor, and no persons shall be engaged upon such work or services except upon written approval of Employer. \*\*\*

\*\*\*

06.03 In the performance of the work herein contemplated, Contractor is an independent contractor with the authority to control and direct the performance of the details of the work.

\* \* \*

08.00 *Books and Records*

Contractor shall maintain such books, records and invoices in connection with the performance of his duties as Employer shall direct; and shall provide Employer with such invoices, books and records at such times as Employer directs. Contractor acknowledges that all invoices, books and records used by Contractor in connection with the performance of his duties are and shall remain the exclusive property of the Employer."

The contract further provides that appellee may terminate the relationship without notice to the contractor if, in his unreviewable discretion, appellee feels that contractor is not adequately fulfilling his duties, or if the contractor's services are no longer required to distribute the plants.

In addition to the contract, the following evidence was adduced at hearings before referees of the Bureau of Employment Security. Appellee employed 10 full-time employees and 150 part-time, seasonal employees at its facility in St. Elmo. Additionally, appellee employed 14 "contractors," including appellants, to deliver its product. Appellee owned all but one of the trucks used by these contractors, and maintained, repaired and serviced them. Appellee paid the insurance premiums for the trucks and provided gasoline for the trucks. The trucks were loaded with product by appellee at its St. Elmo facility. Each driver had a designated territory in which to deliver plants. No sales quota was set, but the price for the plants was set by appellee. Appel-

lants could reduce the price by reducing their commission, but could not raise the price. Appellants established their own routes within their designated territory.

Appellants could also determine the days and hours they wished to work. Appellants were free to solicit new customers. There were no required meetings; however, there were voluntary meetings. Appellee provided appellants with forms to complete upon making a delivery. Appellee provided appellants with the identity of prospective purchasers. If it was necessary for a driver to spend the night away from home, appellee would pay for the motel room, but would not pay for meals. Appellee provided appellants with hats with appellee's name on it. Appellants could give these hats to their customers as a promotion, but had to pay for them out of their commission. Appellee provided no benefits of any kind for appellants, and did not withhold any taxes or social security from their pay. The Internal Revenue Service had determined that appellants were independent contractors rather than employees.

Most of appellee's customers paid appellee directly rather than appellants, although some deliveries were COD. Many orders were also placed through appellee's office rather than through appellants. Appellants were free to hire their own helpers or employees, and at least one did. Appellants were not paid regularly, but drew against their commissions as they wished.

Appellant Hodson worked as a truck driver out of a teamster's hall when he was not working for appellee, and also did some construction work. Appellant Matheny also works as a farmer. Appellant Nancy Haslett baby-sits in her home. Appellant Donald Haslett has worked for trucking companies when he was not working for appellee.

The Board of Review of the Department of Employment Security (Board of Review) affirmed the decisions of the referees finding that appellants were employees rather than independent contractors within the meaning of the Unemployment Insurance Act. The circuit court of Fayette County reversed the Board of Review by order entered April 26, 1986, finding that the Board's decision was against the manifest weight of the evidence and that appellants were clearly independent contractors under the criteria set forth in section 212 of the Act. The Board of Review brings this appeal.

■ It is the duty of this court to review the decision of the Board of Review rather than the circuit court, and to determine if that decision is against the manifest weight of the evidence. (*Loveland Management Corp. v. Board of Review of Department of Employment Security* (1988), 166 Ill. App. 3d 698, 701, 520 N.E.2d 1070, 1072.) In doing so,

this court's function is limited to ascertaining whether findings of the Board are supported by the manifest weight of the evidence; this court may neither substitute its own judgment nor overturn the Board's findings unless they are without substantial support in the record. (*Gregory v. Bernardi* (1984), 125 Ill. App. 3d 376, 381, 465 N.E.2d 1052, 1057.) A decision is against the manifest weight of the evidence only when an opposite conclusion is clearly apparent. *In re Estate of Lukas* (1987), 155 Ill. App. 3d 512, 521, 508 N.E.2d 368, 374.

The first criterion which appellee must meet in order to establish that appellants are independent contractors rather than employees is that they have been and will continue to be free from control or direction over the performance of their services, both under the contract of service and in fact. We think that a simple reading of the contract demonstrates that appellee retained a great deal of control and direction over appellants in the performance of their services. The contract provides that appellants shall contact those customers which appellee directs, restricts appellants to a certain territory established by appellee, requires that appellants service those customers as appellee directs, gives appellee the right to change the territory assigned, requires appellee's written approval of any helpers hired by appellants, and requires that appellants maintain certain books and records and that those books and records remain the property of appellee. Finally, the contract allows appellee to terminate the contract at any time, without notice and for any reason. While the contract gives appellants much discretion as to how and when they perform their services, the existence of general control or of the right to general control is sufficient to negate the exemption even though details are left to an individual's judgment. (*Hart v. Johnson* (1979), 68 Ill. App. 3d 968, 975, 386 N.E.2d 623, 628.) Finally, the right to control is sufficient to negate the exemption even if that right is never exercised. (*Hart*, 68 Ill. App. 3d at 975, 386 N.E.2d at 628.) We think appellee has failed in its burden to prove that it had no right to control or direct appellants in the performance of their services. While this alone is sufficient to require reversal of the circuit court's judgment, we will discuss the other two criteria as well.

The second criterion which appellee must establish in order for us to find that appellants are independent contractors rather than employees is that the services performed by appellants are either outside the usual course of appellee's business or that such services are performed outside of all the places of business of appellee. We find that appellee has failed to establish either that appellants' services are outside its usual course of business or that appellants' services are per-

formed outside all of its places of business. The contract entered into by appellee and appellants states that appellee is in the business of growing and *distributing* bedding plants and shrubbery. Appellee argues that it is not in the business of selling those plants. Thus, appellee argues, the selling of the plants by appellants is not within the ordinary course of business of appellee. However, the record shows that orders for plants were taken by appellee at its office in St. Elmo, and that most of those orders were paid for at appellee's office in St. Elmo. In any event, even if appellee is not in the business of selling plants, we think the services provided by appellants fall within appellee's usual business of distributing plants. Appellants deliver or distribute the plants to retail outlets. We think these services are within the usual course of business of appellee. Finally, we think that this case is distinguishable from *Schatz, Pollack Woolen Co. v. Murphy* (1943), 384 Ill. 218, 51 N.E.2d 147, on which appellee relies, where it was held that window washing at a woolen goods sample room was outside the usual course of the woolen company's business of selling woolen goods to the tailoring trade.

Appellee also argues that all of appellants' services were performed outside all of appellee's places of business. Appellee's representative testified that appellee is in the business of distributing its plants within a 300-mile area from its location in St. Elmo. Each appellant was assigned a specific territory within this 300-mile area. In *Eutectic Welding Alloys Corp. v. Rauch* (1953), 1 Ill. 2d 328, 115 N.E.2d 898, our supreme court held that where an employing unit assigns a specific area to an individual for the purpose of selling its product or representing its interest, that area is the place of business of the enterprise. Thus, we think that appellants' services were also performed within the place of business of appellee. Appellee has not satisfied the second criterion to establish an exemption from the Act for the services performed by appellants.

■■■ The third and final criterion which appellee must establish is that the appellants are engaged in an independently established trade, occupation, profession or business. In order to satisfy this criterion, the individual performing the service must have a proprietary interest in such business to the extent of being able to operate that business without disturbance from any other person or of being the owner of an enterprise which he could sell or give away. (*Legal Process Service, Inc. v. Ward* (1988), 165 Ill. App. 3d 83, 89, 518 N.E.2d 768, 771.) Appellee has failed to satisfy this criterion. During the time period in which appellants worked for appellee, they had no proprietary interest in any independent trucking business, nor did they perform trucking

services for any other businesses. Instead, they were totally dependent upon appellee for any trucking services they performed. (See *Legal Process Service, Inc. v. Ward* (1988), 165 Ill. App. 3d 83, 89, 518 N.E.2d 768, 771; *Spahn v. Department of Labor* (1962), 25 Ill. 2d 482, 489, 185 N.E.2d 231, 235.) Indeed, appellants did not even own their own trucks, but used those owned and provided by appellee.

Appellants were not the owners of any independent enterprise which they could sell or give away. The contract entered into between the parties specifically provides that appellants have no possessory interest in their territories or routes and that the contract could not be assigned without the written approval of appellee. It is true that appellants may have worked at other jobs when they were not working for appellee. However, this does not establish them in an independent trade or occupation. It merely indicates that they were employed by different employing units when they were not employed by appellee.

In *Schatz, Pollack Woolen Co. v. Murphy*, our supreme court stated that if one is engaged in a trade or occupation that is distinctly different from the one in which the employer is engaged, then this third criterion has been met. (384 Ill. at 221, 51 N.E.2d at 149.) In that case, the occupation of a window washer was found to be distinctly different from the business of selling woolen goods to the tailoring trade. In the instant case, appellants were not engaged in a trade or occupation distinctly different from that of appellee. In fact, they were an integral part of appellee's business in that they sold and delivered the product which appellee produced. Appellants were not engaged in an independent trade, occupation, profession or business.

■■■ We find that appellee has failed to carry its burden of proving that appellants were independent contractors rather than employees within the meaning of the Unemployment Insurance Act. The decision of the Board of Review that appellants were not independent contractors is not against the manifest weight of the evidence and the circuit court erred in so holding. Accordingly, we reverse the judgment of the circuit court of Fayette County and affirm the decision of the Board of Review of the Department of Employment Security.

For the foregoing reasons the judgment of the circuit court of Fayette County is reversed.

Reversed.

CHAPMAN and RARICK, JJ., concur.