BERNARD NESSEL, Plaintiff-Appellee, v. BOARD OF FIRE AND POLICE COMMISSIONERS OF NORTHLAKE *et al.*, Defendants-Appellants.

First District (3rd Division)   Nos. 1—93—3883, 1—93—3884 cons.

Opinion filed March 29, 1996.

Terrence P. LeFevour, of Law Offices of Samuel V.P. Banks, of Chicago, and Francis Bongiovanni, of Bongiovanni & Castaldo, of Melrose Park, for appellants.

No brief filed for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

The Board of Fire and Police Commissioners of the City of Northlake, Illinois (the Board), appeals the trial court's order reversing the Board's decision to suspend police officer Bernard Nessel (Nessel). We reverse the order of the trial court and reinstate the findings and sanctions imposed by the Board.

Officer Nessel was suspended from the force for five days by Seymour Sapoznik (Sapoznik), the police chief of Northlake, for violating departmental rules. The proscribed conduct occurred when Nessel damaged a squad car assigned to him when backing the car into his garage. The suspension recognized that Nessel's parking the squad car in his home's garage represented a dereliction of Nessel's duty to serve and protect the citizens of Northlake. Nessel testified that he parked in his garage in order not to be bothered while on his break by citizens able to observe his car from the street. Nessel further testified that he considered himself to be on duty while on break.

Officer Nessel appealed his suspension to the Board on December 4, 1991. On January 21, 1992, the Board affirmed Sapoznik's decision and increased the period of suspension to 15 days, citing Nessel's conscious decision to avoid the public while on duty.

Nessel then filed a complaint for administrative review in the circuit court of Cook County, and the court reversed the Board's findings and order of suspension. On appeal, the Board contends that its decision was supported by the weight of the evidence and its imposition of the 15-day suspension was an appropriate exercise of its discretion.

■ It is well settled that the findings and conclusions of an administrative agency on questions of fact are *prima facie* true and correct. *Hoffmann v. Lyon Metal Products, Inc.*, 217 Ill. App. 3d 490, 577 N.E.2d 514 (1991). Therefore, the reviewing court's function is limited to determining whether the administrative agency's decision is against the manifest weight of the evidence, that is, where the opposite conclusion is clearly evident. *Richardson Brothers v. Board of Review of Department of Employment Security*, 198 Ill. App. 3d 422,

555 N.E.2d 1126 (1990). A reviewing court is not, however, bound to give similar deference to an agency's conclusions of law. *Hoffman*, 217 Ill. App. 3d at 497.

The Board's factual findings indicated that Nessel: (1) damaged the squad car while backing into his garage during a break in service; (2) considered himself to be "on duty" while on break; and (3) parked the car in his own garage in order to avoid the "bother" of citizens. These findings are uncontroverted and clearly allege conduct that violates Rules 13 and 64 of the Rules of Conduct for Northlake police officers, which state in pertinent part:

> "Rule 13—No member of the Police Department shall neglect his duty or duties, or perform them in an inefficient or careless manner, ever mindful that such carelessness or inefficient performance of duty may cause serious results."

> "Rule 64—Police Officers shall exercise diligence in their use of City property and shall not, through their carelessness, cause loss of or do damage to, any City property."

■ The trial court's ruling does not contest these findings, nor seem to recognize that Rules 13 and 64 were violated. Instead, the trial court seemed to base its reversal on its estimation that the "crime" or violation did not fit the "punishment" or suspension. Not only is this an impermissible basis on which to reverse an administrative order, but it indicates that the trial court misapprehended the conduct which warranted Nessel's suspension. The trial court focussed on the minor damage done to the squad car, while the Board, pursuant to Rule 13, recognized that purposefully hiding from the public while in their service constituted an egregious abandonment of Nessel's sworn duty as a police officer. Accordingly, we believe that the Board's decision was not against the manifest weight of the evidence.

The trial court additionally found the suspension of 15 days excessive in light of the charges against Nessel. An agency's exercise of discretion in the imposition of a sanction may be set aside only if it was arbitrary or unreasonable or clearly violated a rule of law. *Commonwealth Edison Co. v. Illinois Commerce Comm'n,* 180 Ill. App. 3d 899, 536 N.E.2d 724 (1988). Again, the trial court misidentifies the charge on which the sanction of suspension was primarily based. The trial court seems to balance the damage done to the squad car, approximately $100, with 15 days of lost wages. Assuming that these are disproportional, the analysis remains faulty because the conduct at issue is dereliction of a duty to serve the public. A police officer's duty to so serve has recently been found absolute by our supreme court in *Launius v. Board of Fire & Police Commissioners,*

151 Ill. 2d 419, 603 N.E.2d 477 (1992). In *Launius*, the supreme court affirmed the discharge of a police officer as an appropriate sanction, finding:

> "A police officer does not have the option of performing his duties when he wishes. Plaintiff admitted that as a police officer, it was his primary and sworn duty to protect the lives and property of the citizens of Des Plaines. The board found, *inter alia*, that plaintiff abandoned his post, *** and consequently, the board ordered that plaintiff be discharged from his position as a police officer. This decision was neither unrelated to the needs of the service nor arbitrary and unreasonable." *Launius*, 151 Ill. 2d at 444-45.

Nessel's abandonment of duty may not be as pronounced as that of the officer in *Launius*, but neither was the sanction imposed. We do not find the Board's imposition of a 15-day suspension arbitrary or unreasonable.

For the reasons set forth above, we reverse the order of the trial court and reinstate the findings and sanction of the Board.

Reversed.

TULLY and CERDA, JJ., concur.