FOURTH DIVISION
July 31, 2008

No. 1-07-1337

| | | |
|---|---|---|
| VILLAGE DISCOUNT OUTLET, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 06 L 51203 |
| | ) | |
| THE DEPARTMENT OF EMPLOYMENT | ) | |
| SECURITY, an Administrative Agency in the State | ) | |
| of Illinois; DIRECTOR OF THE DEPARTMENT | ) | |
| OF EMPLOYMENT SECURITY; THE BOARD | ) | |
| OF REVIEW, an Administrative Agency in the | ) | |
| State of Illinois, DARRELL L. CARDEN, | ) | Honorable Sheldon Gardner, |
| | ) | Judge Presiding. |
| Defendants-Appellees. | ) | |

JUSTICE MURPHY delivered the opinion of the court:

Plaintiff Village Discount Outlet (Village Discount) appeals from the order of the circuit

court affirming the decision of defendant the Board of Review (the Board) of the Illinois

Department of Employment Security (Department) granting unemployment benefits to a former

Village Discount employee, Darrell L. Carden. On appeal, Village Discount contends that the

Department's decision was against the manifest weight of the evidence because it improperly

found that a witness' testimony about a videotape was hearsay. Alternatively, Village Discount

contends that due process requires that we remand this matter to the Department to allow Village

Discount to introduce the tape into evidence. We affirm.

Because the parties do not dispute much of the facts and even agree on the applicable law, only a summary recitation of the facts is required.

Darrell Carden was an employee of Village Discount, which operates drop-off facilities and thrift stores for various charities. Village Discount accused Carden of setting aside donations intended for Village Discount and taking them for himself or giving them to relatives. Village Discount alleged that these actions were observed by investigators and captured on videotape. The Department concedes that these actions, if proven, constitute theft from an employer which would justify the denial of unemployment benefits for misconduct.

Sometime in June 2006 Carden was placed on disciplinary leave pending investigation for theft of company merchandise. On July 13, 2006, a Department representative interviewed Carden. The Department representative was unable to obtain a statement from a representative of Village Discount and subsequently granted Carden unemployment benefits.

Village Discount subsequently challenged the determination and a telephone hearing was conducted by a Department referee. Neither party was represented by counsel. Carden represented himself and Village Discount was represented by Tom Foley, a regional manager. Neither party submitted exhibits.

Foley testified that, in response to complaints, Village Discount set up surveillance. Foley further testified that "we had Mr[.] Carden himself on video taking merchandise from the site." Foley testified that he had seen the videotapes. Foley further testified that "in one case in particular," Carden set aside a large television and directed attendants to load the items into a relative's car.

Carden denied taking any items from Village Discount and denied responsibility for any other improper conduct.

The referee concluded that Carden was disqualified from receiving benefits because he had been terminated for misconduct. Carden appealed to the Board.

The Board found that no further evidentiary proceedings were necessary and made its determination based on the record developed by the referee. The Board's decision outlines the definition of hearsay and observes that hearsay will not be considered if the opposing party objects. However, the Board noted, in the absence of an objection, hearsay will be admitted into evidence but will be given only "its natural probative value." The Board concluded, stating:

> "The evidence offered by the employer's witness was
> hearsay. There is not sufficient independent first hand evidence
> before us to establish that the claimant actually committed the
> actions that caused his discharge."

Village Discount filed a complaint for administrative review in the circuit court. The circuit court affirmed the holding of the Board. Village Discount timely appeals.

Village Discount first contends that the Board erred when it ruled that Foley's testimony was hearsay. The Department responds that the Board never made such a ruling. We find that it is unnecessary to address this aspect of the conflict and will assume for the purposes of our disposition that when the Board stated that the evidence was hearsay it was referring, *inter alia*, to the testimony regarding the videotape.

The Board is the trier of fact in cases involving claims for unemployment compensation, and we review the findings of the Board rather than the referee or the circuit court. See Greenlaw

v. Department of Employment Security, 299 Ill. App. 3d 446, 448 (1998); Richardson Borthers v.

Board of Review of the Department of Employment Security, 198 Ill. App. 3d 422, 428 (1990).

On appeal, a reviewing court must determine whether the Board's findings of fact are sustained

by the evidence. Lester v. Department of Employment Security, 354 Ill. App. 3d 51, 55 (2004).

The Board's findings of fact are deemed *prima facie* true and correct and will be reversed only

where they are against the manifest weight of the evidence. Lester, 354 Ill. App. 3d at 55, citing

City of Belvidere v. Illinois State Labor Relations Board, 181 Ill. 2d, 191, 204-05 (1998).

However, determinations of law will be reviewed *de novo*. Belvidere, 181 Ill. 2d at 205.

Accordingly, we may review *de novo* the legal question of whether Foley's testimony

regarding the videotape was hearsay. Village Discount contends that the testimony was not

hearsay and directs our attention to People v. Tharpe-Williams, 286 Ill. App. 3d 605 (1997).  In

Tharpe-Williams, the reviewing court was faced with the question of whether the testimony of

security guards regarding their observations, via closed circuit television, of a retail theft suspect

constituted inadmissible hearsay. Tharpe-Williams, 286 Ill. App. 3d at 608.  The court

concluded that because a witness' statements about his observations with the aid of an object, *i.e.*

a video camera, do not rely on the credibility of someone other than the witness, there is no out-

of-court statement and therefore no hearsay. Tharpe-Williams, 286 Ill. App. 3d at 609.

Therefore, we must agree with Village Discount that, to the extent the Board ruled Foley's

testimony about his observations of the videotape constituted hearsay, the Board was incorrect as

a matter of law.

Our analysis, however, does not end with this relatively straightforward application of the

hearsay rule.  The Board never ruled that the alleged hearsay statement was inadmissible. Rather,

the Board ruled, correctly, that unobjected-to hearsay statements are admissible but given only their "natural probative value." See Jackson v. Board of Review of the Department of Labor, 105 Ill. 2d 501, 508 (1985)("It is well established that when hearsay evidence is admitted without an objection, it is to be considered and given its natural probative value.")

We turn, therefore, from the legal question of whether Foley's testimony constituted hearsay to the factual question of the testimony's natural probative effect. In doing so, we must also shift our standard of review from a *de novo* standard to the far more deferential manifest-weight-of-the-evidence standard.

In considering the natural probative value of Foley's testimony, we believe it is appropriate to note that, although not technically hearsay, it does suffer from numerous other evidentiary problems that affect the weight it should be given. The Tharpe-Williams court observed that although information obtained through a video camera was not hearsay, a proper foundation must be laid for introduction of such evidence. Tharpe-Williams, 286 Ill. App. 3d at 609. In the case before us, no foundation was ever laid for the introduction of Foley's testimony regarding his observations of the videotape. Foley never identified the date or time the videotape was made and never described where or how the video camera was set up. In fact, we have carefully reviewed Foley's testimony and note that it is difficult to determine whether Foley's description of the "one case in particular" referred to things he had seen on a videotape, information related to him by third parties, or a combination of both.

Moreover, as the Department correctly points out, Foley's description of a videotape that was never introduced into evidence runs afoul of the best evidence rule. See Tharpe-Williams, 286 Ill. App. 3d at 610. The best evidence rule expresses a preference for the original of

documentary evidence when the contents of the documentary evidence are sought to be proved. Tharpe-Williams, 286 Ill. App. 3d at 610. However, as there was no objection on this basis at the hearing, we believe that the proper result is, as with hearsay evidence, to consider the evidence, but consider the evidentiary flaws as affecting its weight. See Jackson, 105 Ill. 2d at 508.

In sum, we find that the evidence presented by Village Discount was rife with evidentiary flaws, which although perhaps not properly classified as hearsay, nevertheless affected the weight to be accorded Foley's testimony. However, it is not our role to engage in an independent weighing of that evidence. We cannot reverse simply because we disagree with the conclusions the Board drew from the evidence. Rather, we will reverse only if, after viewing the evidence in the light most favorable to the Board, no rational fact finder could agree with the decision. Lester, 354 Ill. App. 3d at 55. Although another fact finder might have accorded greater weight to Foley's testimony, we cannot conclude that *no* trier of fact would have adopted the position of the Board. Therefore, we find no reason to disturb the findings of the Board, as they were not against the manifest weight of the evidence.

Village Discount alternatively contends that, if we do not reverse the Board's findings outright, we should remand this matter for an additional hearing to allow Village Discount to correct the evidentiary deficiencies in its case. Village Discount relies on Meneweather v. Board of Review of the Department of Employment Security, 249 Ill. App. 3d 980 (1992). The Department responds that its procedures comport with due process and argues: "Village Discount's decision to place little effort into a process so critical to its former employee, and to not take advantage of its opportunity to present its best evidence does not mean that the

procedures afforded were insufficient."

In <u>Meneweather</u>, the reviewing court remanded an unemployment compensation case for further proceedings after determining that the referee had failed to make adequate inquiry into the claimant's alcohol use before determining that her actions constituted misconduct. <u>Meneweather</u>, 249 Ill. App. 3d at 985. In so doing, the <u>Meneweather</u> court noted that "no Illinois case explicitly analyzes the extent of the referee's duty to solicit material evidence." <u>Meneweather</u>, 249 Ill. App. 3d at 985. Since <u>Meneweather</u> was decided, we are aware of no case that does so, nor will we attempt to definitively describe the scope of that duty here. Rather, we will consider the record as a whole to determine whether the referee's conduct of the hearing comported with basic notions of due process.

In the case before us, we cannot conclude that the referee failed to meet his duty to conduct a fair hearing. Neither, party was represented by counsel, but the referee took an active role in developing the evidence and fleshing out the positions of the parties. We note, for example, that Village Discount would not have been able to present its earlier hearsay argument if the referee had not actively solicited Foley's testimony that he had seen the videotape. However, we do not believe that the duty of the referee to conduct a hearing that comports with due process requires him to take such an active role that all evidentiary deficiencies in *pro se* presentations are remedied. We will not convert the <u>Meneweather</u> analysis into a general savings clause that allows a party a second bite at the apple every time they choose to appear at the initial hearing without the benefit of counsel. Village Discount was given notice of the requirements for admitting the tape into evidence at the hearing and elected, instead, to present only the testimony of a supervisor who had been shown the tape. Village Discount must now live with

the consequences of that decision.  Therefore, we find that due process does not require remand under the facts and circumstances of this case.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

NEVILLE, P.J., and O'BRIEN, J., concur.

| Please Use Following Form: | REPORTER OF DECISIONS – ILLINOIS APPELLATE COURT (Front Sheet to be Attached to Each Case) |
|---|---|
| Complete TITLE of Case | VILLAGE DISCOUNT OUTLET, <div align="center">Plaintiff-Appellant,</div> v. THE DEPARTMENT OF EMPLOYMENT SECURITY, an Administrative Agency in the State of Illinois; DIRECTOR OF THE DEPARTMENT OF EMPLOYMENT SECURITY; THE BOARD OF REVIEW, an Administrative Agency in the State of Illinois, DARRELL L. CARDEN, <div align="center">Defendants-Appellees.</div> |
| Docket No. COURT Opinion Filed | Nos. 1-07-1337 Appellate Court of Illinois First District, FOURTH Division July 31, 2008 (Give month, day and year) |
| JUSTICES | JUSTICE MURPHY delivered the opinion of the court: Neville, P.J. and O'Brien, J.,                    concur [s] dissent[s] |
| APPEAL from the Circuit Ct. of Cook County, Chancery Div. For APPELLANTS, John Doe, of Chicago. For APPELLEES, Smith and Smith of Chicago, Joseph Brown, (of Counsel) Also add attorneys for third-party appellants or appellees. | Lower Court and Trial Judge(s) in form indicated in the margin: The Honorable Sheldon Gardner,                    , Judge Presiding. Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel. Indicate the word NONE if not represented. |

| | |
|---|---|
| Attorney for **Plaintiff-Appellant**: | Graefe & Hansen, Ltd. 55 W. Monroe Street, Suite 3550 Chicago, IL 60603 Phone: 312.236.0177 |
| Attorneys for **Defendants-Appellees:** State Defendants-Appellees The Department of Employment Security, its Director and its Board of Review | Lisa Madigan, Attorney General of the State of Illinois Michael A. Scodro, Solicitor General Jerald S. Post, Assistant Attorney General 100 W. Randolph Street, 12th Floor Chicago, IL 60601 Phone: 312.814.3312 |