FIRST DIVISION
October 25, 2010

No. 1-09-3390

STEPHEN LYTE,                    )       Appeal from the Circuit
     Plaintiff-Appellant,        )       Court of Cook County.
                                 )
     v.                          )       No. 09 L 51092
                                 )
THE DEPARTMENT OF                )       The Honorable
EMPLOYMENT SECURITY,             )       Elmer James Tolmaire, III,
     Defendant-Appellee.         )       Judge Presiding.


     JUSTICE GARCIA delivered the opinion of the court.

     The plaintiff, Stephen Lyte, appeals the circuit court's

decision confirming the administrative decision of the Board of

Review of the Illinois Department of Employment Security

(Department) finding the plaintiff ineligible to receive

emergency unemployment compensation under the "Emergency

Unemployment Compensation" program (EUC08) pursuant to the

Supplemental Appropriations Act, 2008, Pub. L. 110-252, §4001(d),

122 Stat. 2353, 2354 (to be codified at 26 U.S.C. §3304), enacted

on June 30, 2008, and the Unemployment Compensation Extension Act

of 2008, Pub. L. 110-449, 122 Stat. 5014, 5016 (to be codified at

28 U.S.C. §3304), subsequently enacted on November 21, 2008.  The

plaintiff contends the Board erred as a matter of law in finding

him ineligible for emergency unemployment compensation.  We find

the Board properly determined that the plaintiff did not meet the

eligibility requirements for EUC08 benefits and affirm.[1]

BACKGROUND

The plaintiff was employed by Iowa College Acquisition Corporation from July 12, 2005, to July 12, 2006. In July 2006, he filed for unemployment insurance benefits, which he received from July 2006 to January 2007. On January 25, 2009, the plaintiff filed a claim for emergency unemployment compensation pursuant to the EUC08 program. On March 5, 2009, a claims adjudicator found the plaintiff ineligible for such benefits because he did not meet the eligibility requirements for earned wages under the EUC08 program. The plaintiff appealed the decision of the claims adjudicator.

On March 30, 2009, a Department referee conducted a hearing. The referee explained to the plaintiff that under the EUC08 program whether a claimant is entitled to extended unemployment benefits depends on the amount of wages he has earned during the "base period" for the claimant. The referee informed the plaintiff that the Department's records established the plaintiff's base period to be April 1, 2005, to March 31, 2006. The Department's records revealed that the plaintiff had two employers during the base period: (1) Ultimate Staffing Services,

_____

[1] We granted the Department's motion to publish the original decision issued as a Supreme Court Rule 23 order. 166 Ill. 2d R. 23.

**2**

a temporary employment agency, reported that it paid the plaintiff $1,144 in wages for the time period April 1, 2005, to June 30, 2005; and (2) Iowa College Acquisition Corporation reported that it paid the plaintiff $2,328.83 in wages for the time period January 1, 2006, to March 31, 2006. No wages were reported for the intervening two quarters from July 1, 2005, to December 31, 2005.

At the hearing, the plaintiff did not dispute the earnings reports from his two employers and testified he did not work during the intervening quarters. The plaintiff explained the basis for his appeal from the claims adjudicator's decision: "What's in question is they were using a state formula and this was based on a federal state agreement. *** It's a question of EUC08." The Department referee agreed that the plaintiff's claim for benefits fell under the federal extension of unemployment benefits as provided by the EUC08 program.

On March 31, 2009, the hearing referee affirmed the claims adjudicator's determination that the plaintiff was ineligible for emergency unemployment compensation under the EUC08 program. The referee explained that in order for a claimant to be eligible for temporary extended benefits under the program, the claimant must have earned wages during the base period that are at least 1.5 times the amount of wages received during the quarter with the highest earnings. Based on this formula, the referee calculated

that the plaintiff's total base period wages were only 1.49 times the wages he earned during the quarter with the highest earning. On April 13, 2009, the plaintiff appealed the referee's decision to the Department's Board of Review.

On August 5, 2009, the Board of Review adopted the referee's decision that the plaintiff is ineligible for emergency unemployment compensation under the EUC08 program. The Board of Review found the plaintiff earned $3,472.83 during the base period of April 1, 2005, to March 31, 2006. The plaintiff's highest earnings in a quarter during the base period was $2,328.83. Applying the formula under the EUC08 program, the Board determined that 1.5 times $2,328.83 is $3,493.25, which means the plaintiff's total earnings of $3,472.83 during the base period was less than the minimum he needed to qualify. The Board therefore found the plaintiff ineligible for emergency unemployment compensation.

On August 24, 2009, the plaintiff filed a complaint with the circuit court of Cook County seeking review of the Board of Review's decision. On November 12, 2009, the circuit court affirmed the Board's decision. The plaintiff timely appeals.

ANALYSIS

On appeal, the plaintiff contends the trial court erred in affirming the Board of Review's decision that he was ineligible to receive emergency unemployment compensation. The plaintiff

**4**

argues he was eligible for benefits under the federally funded EUC08 program because he exhausted his regular unemployment insurance benefits before applying. The plaintiff contends the Department referee "was confused with the EUC temporary/Federal program and similarly name[d] EUC permanent Federal-State program." The plaintiff argues his claim was under the latter, but was treated as if it was brought under the former. The plaintiff claims he is entitled to receive benefits from July 2008 to the present.

The scope of judicial review of any final administrative decision extends to all questions of law and fact presented by the record. 735 ILCS 5/3-110 (West 2008). The applicable standard of review depends upon whether the question presented is one of fact, law, or a mixed question of law and fact. City of Belvidere v. Illinois State Labor Relations Board, 181 Ill. 2d 191, 205, 692 N.E.2d 295 (1998). An administrative agency's findings and conclusions on pure questions of fact are deemed to be prima facie true and correct. 735 ILCS 5/3-110 (West 2008).

On appeal from a decision granting or denying unemployment compensation benefits, we review the decision of the agency, rather than the decision by the circuit court. We review an agency's findings of fact under the manifest weight of the evidence standard. Richardson Brothers v. Board of Review of the Department of Employment Security, 198 Ill. App. 3d 422, 428, 555

N.E.2d 1126 (1990). This court does not reweigh the evidence or substitute its judgment for that of the agency unless the factual findings are "without substantial support in the record." Richardson Brothers, 198 Ill. App. 3d at 429. We review questions of law decided by an agency de novo, which means such decisions are not binding on a court of review. City of Belvidere, 181 Ill. 2d at 205.

Here, the Board of Review found the plaintiff was not eligible for emergency unemployment compensation under the EUC08 program because he did not have total wages in his base period that were at least 1.5 times the wages earned during the base-period quarter with the highest earnings. The plaintiff does not dispute the arithmetical calculations of the Board. Accordingly, the issue as framed by the plaintiff is solely a question of law, whether the Board decided his case under the correct statute, which we review de novo.

The plaintiff offers no support for his argument that the Board of Review erred in finding he was not eligible for emergency unemployment benefits because it relied upon the wrong statute in determining that he was ineligible for such benefits. Based on the record before us, the Board applied the Supplemental Appropriations Act, which authorized the federal Emergency Unemployment Compensation (EUC08) program to extend unemployment benefits authorized under federal law, to determine the

**6**

plaintiff's eligibility.  The EUC08 program was established to provide up to 53 weeks of additional unemployment benefits after an eligible claimant has exhausted his or her regular unemployment insurance benefits.  The EUC08 program is administered through voluntary agreements between the states and the United States Department of Labor.  The Illinois Department of Employment Security administers the federal EUC08 program for Illinois claimants.

Section 409 of the Illinois Unemployment Insurance Act governs the provision regarding extended unemployment benefits. To be eligible for EUC08 benefits in Illinois, the claimant must have "been paid wages for insured work during his base period equal to at least $1^{1/2}$ times the wages paid in that calendar quarter of his base period in which such wages were highest." 820 ILCS 405/409(B) (West Supp. 2009).  Under the Illinois Unemployment Insurance Act, "base period" is defined as "the first four of the last five completed calendar quarters immediately preceding the benefit year."  820 ILCS 405/237(A) (West 2008).  "Calendar quarter" is the three-consecutive-month period ending March 31, June 30, September 30, or December 31 (820 ILCS 405/238 (West 2008)) and "benefit year" is the one-year period beginning with the first day of the week with respect to which a claimant first files a valid claim for benefits (820 ILCS 405/242 (West 2008)).

The Board of Review adopted the referee's calculations under the EUC08 program formula as set out above. The plaintiff does not dispute these factual findings. Because $1^{1/2}$ times $2,328.83, the plaintiff's highest quarter of wages during his base period, equals $3,493.25, and the plaintiff only earned a total of $3,472.83 during his base period, the Board properly found the plaintiff ineligible for benefits under the EUC08 program. The plaintiff offers no plausible argument to support his contention that the calculations were made under the wrong statute to compel us to disturb the Board's decision.

CONCLUSION

The Board of Review's determination that the plaintiff was ineligible for emergency unemployment compensation under the EUC08 pursuant to the Supplemental Appropriations Act, 2008, Pub. L. 110-252, §4001(d), 122 Stat. 2353, 2354 (to be codified at 26 U.S.C. §3304), and the Unemployment Compensation Extension Act, Pub. L. 110-449, 122 Stat. 5014, 5016 (to be codified at 28 U.S.C. §3304), was neither against the manifest weight of the evidence nor contrary to law. Accordingly, we affirm the Board of Review's decision.

Affirmed.

Hall, P.J., and Patti, J., concur.

8

STEPHEN LYTE,
      Plaintiff-Appellant,
v.
THE DEPARTMENT OF EMPLOYMENT SECURITY,
      Defendant-Appellee.

## No. 1-09-3390

**Appellate Court of Illinois**
**First District, First Division**

**Filed:October 25, 2010**

## JUSTICE GARCIA delivered the opinion of the court.

**HALL, P.J., and PATTI, J., concur.**

**Appeal from the Circuit Court of Cook County**
**Elmer James Tolmaire, III, Judge Presiding**

| | |
|---|---|
| For PLAINTIFF-APPELLANT | Stephen Lyte, *Pro Se*<br>7837 South Yates Blvd.<br>Chicago, Illinois 60649 |
| For DEFENDANT-APPELLEE | Lisa Madigan, Attorney General, State of Illinois<br>Michael A. Scodro, Solicitor General<br>Janon E. Fabiano, Assistant Attorney General<br>100 West Randolph Street, 12th Floor<br>Chicago, Illinois 60601 |