2019 IL App (2d) 181034-U
No. 2-18-1034
Order filed December 27, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| SANDRA JOHNSON, | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 17-MR-1325 |
| | ) | |
| THE DEPARTMENT OF EMPLOYMENT | ) | |
| SECURITY BOARD OF REVIEW, and | ) | |
| AV REILLY INTERNATIONAL, LTD., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (The Department of Employment Security | ) | Honorable |
| Board of Review, Defendant-Appellant). | ) | Kevin T. Busch |
| | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Justices McLaren and Hutchinson concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The Board properly denied plaintiff unemployment benefits, as it was entitled to find that plaintiff voluntarily left her employment without good cause attributable to the employer.

¶ 2    Defendant, the Department of Employment Security Board of Review (Board), appeals the judgment of the circuit court of Kane County reversing the Board's ruling that plaintiff, Sandra Johnson, was disqualified, under section 601(A) of the Unemployment Insurance Act (Act) (820

ILCS 405/601(A) (West 2016)), from receiving unemployment benefits. Because the Board properly ruled that plaintiff was ineligible for benefits, we affirm the decision of the Board and reverse the judgment of the circuit court.

¶ 3                                    I. BACKGROUND

¶ 4      Plaintiff applied for unemployment insurance benefits with the Department of Employment Security (Department). After her employer, AV Reilly International, Ltd. (AVRI), objected to her claim, a claims adjudicator determined that plaintiff was not eligible for benefits, because she voluntarily left work without good cause attributable to AVRI. Plaintiff then requested a hearing.

¶ 5      The following facts were established at the hearing. On July 5, 2016, plaintiff began working for AVRI as a business development specialist. According to Vicki Reilly, AVRI's president, she had scheduled a meeting with plaintiff for April 10, 2017, to discuss plaintiff's recent performance review. However, on April 10, 2017, plaintiff did not show up for work. According to plaintiff, at about 7:39 a.m. on April 10, 2017, she e-mailed her immediate supervisor to let him know that she would not be at work that day. Reilly testified that she never received any e-mail about plaintiff not being at work. At about 5:25 p.m. that day, Reilly e-mailed plaintiff. The e-mail stated, in pertinent part, that because AVRI had been unable to contact plaintiff earlier that day, it assumed that she was resigning. The e-mail added that, if plaintiff did not intend to resign, she should contact AVRI immediately.

¶ 6      On April 11, 2017, plaintiff went to work. However, because Reilly was out of the office, a meeting with plaintiff was scheduled for April 12, 2017.

¶ 7      Plaintiff attended the April 12, 2017, meeting with Reilly and plaintiff's supervisor, Joe Mazur. According to Reilly, during the meeting, she asked plaintiff whether she wanted to continue working at AVRI, to which plaintiff responded that she did not know and that Reilly

should tell her. After they discussed plaintiff's performance evaluation, Reilly told plaintiff to take the day and decide if she was going to commit to missing less work and to doing the required work. According to Reilly, plaintiff answered that she did not think it was working out. When Reilly asked plaintiff if that meant that she was resigning, plaintiff said yes. Reilly, in turn, told plaintiff that, if she was resigning, she should submit a written resignation. Plaintiff said okay, then walked out of the conference room, past her desk, and out of the building.

¶ 8    About 40 minutes later, after speaking to her husband from the parking lot, plaintiff returned and asked Reilly if they could meet alone. Reilly told plaintiff that, because of a prior appointment, she could meet with her the next day. When plaintiff asked if her employment coach could attend, Reilly said yes.

¶ 9    According to Reilly, plaintiff then sent several e-mails stating that she had not resigned. Reilly responded via e-mail that, although she was willing to meet with plaintiff, she was not open to debating or discussing plaintiff's resignation. Reilly sent plaintiff another e-mail reiterating that plaintiff had resigned, accepting plaintiff's resignation, and canceling their meeting.

¶ 10    When asked by the administrative law judge (ALJ) why, if plaintiff had resigned, Reilly initially agreed to meet with plaintiff, Reilly explained that she did so to be fair and to discuss with plaintiff any concerns that she might have about her performance evaluation. She added that, as an organization, AVRI would do so with any employee regardless of whether she had quit.

¶ 11    Plaintiff testified that she was terminated and did not resign. She noted that she had sent several e-mails to Reilly denying that she had quit. When the ALJ asked plaintiff if she had anything to add, she said no.

¶ 12    The ALJ found that plaintiff had orally resigned on April 12, 2017. Thus, the ALJ ruled that plaintiff voluntarily left work for personal reasons without good cause attributable to AVRI.

¶ 13    The Board affirmed.  In doing so, the Board found that the credible evidence established that plaintiff resigned during the April 12, 2017, meeting, that AVRI accepted her resignation, and that plaintiff unsuccessfully attempted to rescind her resignation.

¶ 14    Plaintiff appealed to the circuit court.  After hearing oral argument, reviewing the file, and considering the parties' briefs, the court issued a written order reversing the Board and awarding plaintiff benefits.  The court found that AVRI had required a written resignation, which plaintiff never provided.  Thus, the court ruled that, when Reilly refused to allow plaintiff to work, plaintiff quit for good cause attributable to her employer.  The Board, in turn, filed a timely notice of appeal.

¶ 15                                    II. ANALYSIS

¶ 16    On appeal, the Board contends that its decision that plaintiff voluntarily left her work without good cause attributable to AVRI was not clearly erroneous.  Plaintiff responds that (1) she did not receive a fair hearing and (2) the Board's decision was clearly erroneous.

¶ 17    We first address plaintiff's contention that she did not receive a fair hearing.  A reviewing court has a duty to examine the procedure employed at an administrative hearing to ensure that a fair and impartial procedure was used.  *Matlock v. Illinois Department of Employment Security*, 2019 IL App (1st) 180645, ¶ 27.  A fair hearing includes the opportunity to be heard, the right to cross-examine adverse witnesses, and an impartial ruling.  *Matlock*, 2019 IL App (1st) 180645, ¶ 27.  As part of a fair hearing, a referee must ensure that the record is fully developed. *Meneweather v. Board of Review of the Department of Employment Security*, 249 Ill. App. 3d 980, 984 (1992).  However, the duty of a referee to conduct a hearing that comports with due process does not require him to remedy all evidentiary deficiencies in a party's presentation.  *Village Discount Outlet v. Department of Employment Security*, 384 Ill. App. 3d 522, 527 (2008).

¶ 18    In this case, the record shows that plaintiff was given a full and fair opportunity to present her case.  Plaintiff testified to her version of the events.  After she did so, the ALJ asked plaintiff if she wanted to add anything else, to which she said no.  When Reilly testified, the ALJ questioned her extensively, including about why, if plaintiff had in fact orally resigned, she initially agreed to meet with plaintiff.  Plaintiff was then allowed to question Reilly.  After she did so, the ALJ asked her if she had any further questions and plaintiff said no.  Thus, plaintiff received a full and fair hearing.

¶ 19    Plaintiff complains that the ALJ asked Reilly whether she received an e-mail from plaintiff on April 10, 2017, instead of asking Reilly whether she had inspected plaintiff's work phone to see if the e-mail had been sent to plaintiff's supervisor.  However, whether plaintiff sent the e-mail, or whether Reilly received it, was not material to the ultimate ruling, as the dispositive issue was whether plaintiff resigned on April 12, 2017.

¶ 20    We next address whether the Board's decision was clearly erroneous.  It was not.

¶ 21    When we review an administrative decision, we review the agency's decision and not that of the circuit court.  *Matlock*, 2019 IL App (1st) 180645, ¶ 18.  When reviewing an unemployment-benefits claim, we defer to the Board's factual findings, unless they are against the manifest weight of the evidence.  *Matlock*, 2019 IL App (1st) 180645, ¶ 18.  If there is any evidence in the record to support a finding, that finding is not against the manifest weight of the evidence and must be sustained on review.  *Matlock*, 2019 IL App (1st) 180645, ¶ 18.  Further, the Board must determine the credibility of the witnesses, weigh the evidence, and resolve any conflicts in the testimony, and we may not substitute our judgment for that of the Board.  *Matlock*, 2019 IL App (1st) 180645, ¶ 18.

¶ 22    The Act provides economic relief for those who are involuntarily unemployed. *Matlock*, 2019 IL App (1st) 180645, ¶ 22. To that end, the Act is to be liberally construed to protect individuals from the severe economic insecurity that results from involuntary unemployment. *Matlock*, 2019 IL App (1st) 180645, ¶ 22.

¶ 23    Under the Act, an employee may receive unemployment benefits if she meets the eligibility requirements and is not subject to any disqualifications or exemptions. *Matlock*, 2019 IL App (1st) 180645, ¶ 22. Under section 601(A) of the Act, a person is ineligible for benefits if she voluntarily left work without good cause attributable to her employer. 820 ILCS 405/601(A) (West 2016).

¶ 24    Good cause for leaving employment exists where the facts and circumstances produce real and substantial pressure to compel a reasonable person under the circumstances to leave. *Childress v. Department of Employment Security*, 405 Ill. App. 3d 939, 943 (2010). Leaving employment is not attributable to the employer unless the employee's cause for leaving is within the employer's control. *Lojek v. Department of Employment Security*, 2013 IL App (1st) 120679, ¶ 36. Thus, when determining whether good cause exists, the focus is on the employer's conduct, not the employee's. *Matlock*, 2019 IL App (1st) 180645, ¶ 23. However, the employee must, when possible, make a reasonable effort to resolve the cause of her leaving. *Lojek*, 2013 IL App (1st) 120679, ¶ 36.

¶ 25    The question of whether an employee left work without good cause attributable to her employer is a mixed question of law and fact. *Matlock*, 2019 IL App (1st) 180645, ¶ 19. When we review a mixed question of law and fact, we apply the clearly-erroneous standard. *Matlock*, 2019 IL App (1st) 180645, ¶ 20. Under that standard, we will overturn the Board's decision to

deny benefits only if we are left with a definite and firm conviction, based on the entire record, that the Board's decision was a mistake. *Matlock*, 2019 IL App (1st) 180645, ¶ 20.

¶ 26    Here, the evidence amply supported the Board's decision.  Reilly unequivocally testified that plaintiff orally resigned during the April 12, 2017, meeting.  Consistent with Reilly's testimony, plaintiff left work immediately after telling Reilly that she was quitting.  Although plaintiff denied that she told Reilly that she was quitting, the decision whether to believe Reilly, as opposed to plaintiff, belonged to the Board, and we will not substitute our judgment in that regard.  See *Matlock*, 2019 IL App (1st) 180645, ¶ 18.  The finding that plaintiff orally resigned was not against the manifest weight of the evidence.

¶ 27    The trial court ruled, however, that Reilly required plaintiff to submit a written resignation and that plaintiff was not allowed to continue working after she refused to do so.  We disagree. The record does not show that Reilly required a written resignation.  Rather, Reilly testified that, once plaintiff said that she was quitting, Reilly merely asked plaintiff to put it in writing.  Plaintiff's refusal to submit a written resignation did not mean that she did not quit.  Indeed, as discussed, she quit irrespective of any request to submit a written resignation.  Because there was no evidence that her employer did anything to cause plaintiff to leave work on April 12, 2017, she did not leave for good cause attributable to her employer.

¶ 28    For the foregoing reasons, the Board properly denied plaintiff unemployment benefits under section 601(A) of the Act.  Thus, the trial court erred in reversing the Board's decision.

¶ 29                                    III. CONCLUSION

¶ 30    For the reasons stated, we affirm the decision of the Board and reverse the judgment of the circuit court of Kane County.

¶ 31    Board affirmed; circuit court reversed.